**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GLORIA HIRST,**

                    **Plaintiff,**

                                         **Civil No. 6:01-CV-0669**
             **v.**                          **(GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |

**FOR THE PLAINTIFF:**

| | |
|---|---|
| CONBOY, MCKAY LAW FIRM | LAWRENCE D. HASSELER, ESQ. |
| 407 Sherman Street | |
| Watertown, NY 13601-9990 | |

**FOR THE DEFENDANT:**

| | |
|---|---|
| HON. GLENN T. SUDDABY | WILLIAM H. PEASE |
| United States Attorney | Assistant U.S. Attorney |
| P.O. Box 7198 | |
| 100 S. Clinton Street | |
| Syracuse, New York 13261-7198 | |

**Gary L. Sharpe**
**U.S. District Judge**

**<u>DECISION AND ORDER</u>**

## I. <u>Introduction</u>

On May 8, 2001, Gloria Hirst challenged the denial of disability benefits by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

## II. <u>Procedural History</u>

After Hirst filed for disability benefits[1] in May 1998, her application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) Thomas P. Zolezzi. On August 26, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

## III. <u>Contentions</u>

Hirst contends that the Commissioner's decision is not supported by substantial evidence. More specifically, she claims that the ALJ: (1) disregarded the opinions of her treating sources; (2) failed to support his residual functional capacity (RFC) determination with objective evidence;

---

[1]Hirst met the Social Security Act insured status requirements on May 8,1996, and she continued to meet them through the date of the ALJ's decision. (Tr. 21). "(Tr. )" refers to the page of the Administrative Transcript in this case.

2

and (3) discounted Hirst's complaints of disabling pain.  The

Commissioner counters that substantial evidence supports the ALJ's

disability decision.

## IV.  Facts

The evidence in this case is undisputed, and the court adopts the

parties' factual recitations.  *See Pl.'s Br., pp. 3-10, Dkt. No. 6; Def.'s Br., p.*

*2, Dkt. No. 8.*

## V.  Discussion

### A.  Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to

determining whether the correct legal standards were applied and whether

substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F.

Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983,

985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible

for determining a claimant's eligibility, the actual disability determination is

made by an ALJ.  The ALJ's decision is subject to judicial review.  A court

may not affirm an ALJ's decision if it reasonably doubts whether the

proper legal standards were applied, even if it appears to be supported by

substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must

3

set forth the crucial factors justifying his findings with sufficient specificity
to allow a court to determine whether substantial evidence supports the
decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is
limited to the determination of whether there is substantial evidence in the
record to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*,
923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined
as such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion."  *Williams ex rel. Williams v. Bowen*,
859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more
than a mere scintilla" of evidence scattered throughout the administrative
record.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting
*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v.
Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).  "To determine on appeal
whether an ALJ's findings are supported by substantial evidence, a
reviewing court considers the whole record, examining the evidence from
both sides because an analysis of the substantiality of the evidence must
also include that which detracts from its weight."  *Williams*, 859 F.2d at
258.  However, a reviewing court cannot substitute its interpretation of the

4

administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence).  Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose.  *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

**B.  <u>Five-Step Disability Determination</u>**

The definition of "disabled" is the same for purposes of receiving

Social Security Disability Insurance (SSDI) and Supplemental Security

Income (SSI) benefits.  To be considered disabled, a plaintiff seeking

SSDI or SSI benefits must establish that she is "unable to engage in any

substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not

less than twelve months...."  42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2]

The Commissioner uses a five-step process to evaluate SSDI and SSI

claims.  20 C.F.R. §§ 404.1520, 416.920.[3]  Step One requires the ALJ to

---

[2]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such
> severity that [s]he is not only unable to do h[er] previous work but
> cannot, considering h[er] age, education, and work experience, engage
> in any other kind of substantial gainful work which exists in the
> national economy, regardless of whether such work exists in the
> immediate area in which [s]he lives, or whether a specific job vacancy
> exists for h[er], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an
impairment so severe as to prevent her from engaging in any kind of substantial gainful work
which exists in the national economy.

[3] The court notes that revised versions of these sections came into effect in September
2003.  *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003).  In the revised versions, paragraph (e)
clarifies the application of the RFC determination.  New paragraphs (f) and (g), with certain
modifications, correspond to the prior versions' paragraphs (e) and (f), respectively.  These
revisions do not affect the Five-Step Disability Determination sequence.  The revised versions
have no effect on the outcome of this case.  For considerations of uniformity, and because the
ALJ's decision came under the old versions, the court retains the old nomenclature in its
analysis.

determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, she will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d). If the impairment meets or equals a listed impairment, the claimant is presumptively disabled. *Ferraris*, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Five, the ALJ determines whether the claimant can do any other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that she cannot perform past relevant work. *Ferraris*, 728 F.2d at 584. However, once the claimant meets that burden, benefits can only be denied by showing, with

7

specific reference to medical evidence, that the claimant can perform some less demanding work. *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

Here, the ALJ found that Hirst satisfied Step One because she had not worked since May 1996, the alleged onset day of her disability.  In Step Two, the ALJ determined that she suffered from right lumbar scoliosis[4] and neck pain with radiculopathy.[5]  In Step Three, the ALJ determined that her impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4.  In Step Four, the ALJ determined that Hirst was unable to perform her past relevant work as a waitress/cook, cashier/clerk, and cleaner.  In Step Five, the ALJ

---

[4]Scoliosis is "an appreciable lateral deviation in the normally straight vertical line of the spine." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

[5]Radiculopathy is a disease of the nerve roots. *Id.*

determined that Hirst possessed the RFC for light work.[6]  Consequently, he found Hirst not disabled and denied benefits.

## C.  **Treating Physician Rule**

Hirst argues that the ALJ's determination that she had the RFC for light work is contrary to the medical record.  She maintains that the opinions of Drs. Curtis and Peets, her treating physicians, should have been given controlling weight.  She claims that the ALJ selectively considered the remarks of Dr. Fish, a consulting examiner, who concluded that Hirst could not work, and instead accepted the opinions of non-examining consultants without giving reasons for discrediting her treating sources.  (Tr. 141).  Essentially, Hirst contends that the complete medical record is inconsistent with the ALJ's findings.

Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily

---

[6]Light work requires an ability to lift "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b). In addition, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  Social Security Ruling (SSR) 83-10.

substitute his own judgment for a competent medical opinion. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion. The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions." *Id.* Thus, a treating physician's disability assessment is not determinative. *Id.* Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Hirst contends that the ALJ erred when he relied on the opinions of

non-examining consultants instead of her treating physicians[7] and the

consulting examiner.  This contention is without merit.  As mentioned, the

final determination of disability is reserved for the Commissioner.  The ALJ

considered the objective medical evidence of Hirst's physical impairments

and properly concluded that she was not disabled.

Dr. Curtis, Hirst's orthopedist, treated Hirst from July 1997 to April

1998.  (Tr. 234-238, 248-249).  The ALJ noted in his decision that Dr.

Curtis's records show that Hirst experienced some pain in 1997 which was

ameliorated by steroids and exercises.  (Tr. 236).  In August, Hirst was

capable of walking on her heels and toes, and her ankle jerks and knee

jerks were equal and of good quality bilaterally.  *Id.*  Two months later, Dr.

Curtis noted that Hirst's condition had improved and that the laboratory

tests were satisfactory.  *Id.*  Dr. Curtis proscribed Darvocet and Lodine for

---

[7]Hirst was also treated by two chiropractors, Porter and Gamino.  (Tr. 136, 167).  In *Diaz v. Shalala*, 59 F.3d 307, 313 (2d Cir. 1995), the court held that "it would be inconsistent with th[e] regulations to require the Secretary to give controlling weight to a chiropractor's opinion."  A treating opinion must be a *medical* opinion under 20 C.F.R. §§ 404.1527(d), 416.927(d).  The regulations provide that "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s)...."  20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (emphasis added).  Sections 404.1513(a) and 416.913(a) list five categories of "acceptable medical sources," none of which mentions chiropractors.  "Instead, chiropractors are expressly listed in a different section, under 'other sources' whose 'information...may also help us to understand how your impairment affects your ability to work.'"  *Diaz*, 59 F.3d at 313 (citing 20 C.F.R. §§ 404.1513(e), 416.913(e)).  "Because the regulations do not classify chiropractors as either physicians or 'other acceptable medical sources,' chiropractors cannot provide medical opinions," and the ALJ properly afforded less weight to the opinions of Porter and Gamino. *Id.*

her pain.  (Tr. 238).  In April 1998, Dr. Curtis noted that Hirst was doing

better, and he ordered a continuation of physical therapy.  (Tr. 249).

Hirst's family physician, Dr. Peets, noted that Hirst complained of

headaches, lower back pain, and dizzy spells in October 1997.  (Tr. 240).

In November, Dr. Peets noted that Hirst's back pain was "a lot better since

she has been going to physical therapy."  (Tr. 243).  In December, Peets

noted that Hirst had a note from physical therapy indicating "that she [wa]s

progressing well and improving with treatment."  (Tr. 244).

The ALJ properly pointed out that the record contains no conclusive

medical proof of disability.  (Tr. 20).  At the time of her application, she

was "closely approaching advanced age."  20 C.F.R. Pt. 404, Subpt. P,

App. 2, Table No. 2, Rule 202.13.  However, none of her treating

physicians concluded that she was fully disabled.  At most, Dr. Curtis

remarked in a September 1998 note that Hirst was limited to sedentary

work.  (Tr. 268).  This is not enough to support a finding of disability.

Moreover, Dr. Donna White, a reviewing physician filled out an RFC

assessment for Hirst and found her not disabled.  She determined that

Hirst could occasionally lift twenty pounds, frequently lift ten pounds, and

sit, stand or walk for six hours in an eight-hour day.  (Tr. 129-135).

Hirst next contends that the ALJ adopted some parts of Dr. Fish's

12

impressions while simultaneously rejecting or ignoring other parts.  Dr. Fish, a one-time consulting examiner, opined that Hirst was unable to work.  (Tr. 141).  However, Dr. Fish was the only physician in the record who examined Hirst and concluded that she was incapable of "performing gainful employment at this time."  *Id.*  Dr. Fish's opinion was not binding on the ALJ.

Moreover, in evaluating a claimant's disability, a consulting physician's opinion or report should be given limited weight.  This is justified because "consultative exams are often brief, are generally performed without benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day.  Often, consultative reports ignore or give only passing consideration to subjective symptoms without stated reasons.'"  *Simmons v. United States Railroad Retirement Board*, 982 F.2d 49, 55 (2d Cir. 1995) (citing *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990) (citations omitted)).  Therefore, the ALJ's rejection of Dr. Fish's opinion was proper, and he properly found that Hirst maintained the RFC for light work.  Accordingly, the ALJ's decision was not contrary to the law, and his decision was supported by substantial evidence.

## D. <u>Subjective Complaints of Pain</u>

13

Hirst also claims that the ALJ improperly discounted her allegations of disabling pain.  The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529(a), 416.929(a).  The ALJ must perform a two-step analysis.  *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted).  First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain[8] or other symptoms alleged ...."  20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10.  "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work."  *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

---

[8] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment.  *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

14

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain").  Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."  *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors.  These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision."  SSR 96-7p.  Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence."  *Lewis v. Apfel*,

62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

Hirst claims that she suffers from chronic and persistent pain that precludes her from engaging in even light work.  In particular, Hirst alleges that she suffers from severe back pain, headaches, and dizziness.  She maintains that the ALJ mischaracterized her testimony regarding her limitations and that she is limited to sedentary work.

The ALJ characterized Hirst's testimony as exaggerated.  He noted that she lives a normal daily life with very few limitations.  The ALJ summarized Hirst's daily activities which include taking short walks, caring for her personal needs, reading, making her bed, going shopping with help, doing laundry and dishes, working on crossword puzzles, and vacuuming for five minute increments.  (Tr. 20).  *Id.*  Furthermore, Hirst has never been hospitalized for her condition, has not had any surgery, and has no side effects from her medication.  *Id.*  She also responds well to physical therapy.  (Tr. 243).

The ALJ properly indicated that he considered the factors set out in SSR 96-7p, including Hirst's daily activities and medical findings.  The

16

medical evidence belied Hirst's contention of disabling pain.  Accordingly,

the ALJ's decision was based on substantial evidence.

     **WHEREFORE**, for the foregoing reasons, it is hereby

     **ORDERED,** that the decision denying benefits is **AFFIRMED**; and it

is further

     **ORDERED,** that the Clerk of the Court serve a copy of this Order

upon the parties.

**IT IS SO ORDERED.**

October 28, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge

17